[L. A. No. 20217. In Bank. May 3, 1948.]

In re Contract Between LOEW'S INCORPORATED (a Corporation), Appellant, and JOAN WINIFRED ELMES, a Minor, Respondent.

Loeb & Loeb, David T. Sutton and Herman F. Selvin for Appellant.

No appearance for Respondent.

Max Radin and Frank B. Belcher, as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—On May 13, 1946, appellant, a producer of motion pictures, entered into an agreement with respondent, then 14 years of age, similar to the agreement in *Warner Bros. Pictures, Inc.* v. *Brodel,* this day decided. (*Ante,* p. 766 [192 P.2d 949].) This agreement provided for a one-year term of employment and granted appellant six options to extend the term of respondent's employment for successive periods of one year at a progressively higher salary. The agreement was submitted to the Superior Court of Los Angeles County for approval under section 36 of the Civil Code. On August 6, 1946, the court entered an order approving the agreement as to the original one-year term of employment only. It withheld approval of the options, ordering as to the option next in time: "That said minor and her parents return and appear before this Court when and if the option provided for in subdivision (a) of paragraph 23 of said contract is exercised for the further order and instructions of this Court." Appellant appealed "from so much of said order as fails to approve said contract in its entirety and without limitation or restriction as to time or term."

By its order the court withheld approval of the contract submitted by the parties. Under section 36 of the Civil Code the court in its discretion may make its approval of the contract subject to the acceptance by the parties of modifications proposed by the court. If the order of the court in the present case were based on the exercise of that discretion, this court would not disturb it. It appears, however, from the record in this case as well as from the judgment in *Warner Bros. Pictures, Inc.* v. *Brodel, supra,* that Judge Paonessa based his order in this case as well as his decision in the other on the ground that the superior court lacks power under section 36 to approve options. Since we reach a different conclusion as to the construction of section 36 for the reasons set forth in the opinion in *Warner Bros. Pictures, Inc.* v. *Brodel, supra,* it is necessary to remand this case to the superior court.

The order is reversed.

Gibson, C. J., Edmonds, J., Schauer, J., and Spence, J., concurred.

SHENK, J.—I dissent. It may not be disputed that the superior court now and since the 1947 amendment of section 36 of the Civil Code (Stats. 1947, p. 1518) has the power to

approve options.granted with a contract to perform dramatic services. For the reasons stated in my dissenting opinion in *Warner Bros. Pictures, Inc.* v. *Brodel* (*ante,* p. 766 [192 P.2d 949]), I am not in agreement with the conclusion that the court had that power prior to the amendment.

Carter, J., concurred.